## UNITED STATES DISTRICT COURT
### District of Maine

| | | |
|---|---|---|
| RILEY JEAN HALL, | ) | Docket No. 1:19-CV-00503-NT |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AROOSTOOK COUNTY JAIL and | ) | |
| WILLIAM GRANT, | ) | |
| Defendants | ) | |
| | ) | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITH INCORPORATED MEMORANDUM OF LAW

NOW COME Defendants, through counsel, and pursuant to Fed.R.Civ.P. 56(b), move for summary judgment in their favor.   Filed in connection with this motion is the Defendants' Statement of Material Facts pursuant to Local Rule 56(b).

### MEMORANDUM OF LAW

### I.   INTRODUCTION

Plaintiff's Complaint alleges that Defendant Grant touched his genital area during a search when the Plaintiff was booked into the Aroostook County Jail.   The Complaint is bought against the Aroostook County Jail[1]  and Defendant William Grant.

### II.   FACTS

The undisputed material facts of this case are set forth in Defendants' Statement of Material Facts in Support of Motion for Summary Judgment (hereinafter "DSMF").   The Defendants

---

[1]Although the Aroostook County Jail, as an arm of the County, may not be independently liable under 42 U.S.C. § 1983, the Defendants recognize that this will be considered a claim against Aroostook County.   *See Allen v. York Cty. Jail*, 2003 U.S. Dist. LEXIS 1358, *18-24 (D. Me. Jan. 30, 2003).

incorporate the DSMF into this memorandum of law.[2]

## III.   LEGAL ARGUMENT

A.   <u>Standard of Review</u>

Summary judgment should be granted when the record evidence demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Fed.R.Civ.P. 56(a)*.   The moving party bears the burden of demonstrating the lack of evidence to support the non-moving party's case.   *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). The record is viewed in the light most favorable to the non-moving party, and that party must be given the benefit of reasonable inferences drawn from properly asserted facts.   *See Nicolo v. Philip Morris, Inc.*, 201 F.3d 29 (1st Cir. 2000).   Summary judgment should be entered "against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."   *Celotex Corp.*, 477 U.S. at 322.

B.   <u>Defendant Grant is entitled to summary judgment on Plaintiff's claims because he did not search Plaintiff Hall.</u>

Hall alleges that Officer Grant touched him inappropriately during the booking process at the Aroostook County Jail in early 2018.   Hall was incarcerated at the Aroostook County Jail on February 1, 2018.   *DSMF ¶ 1*.   The duty intake officer was Logan Jay.   *DSMF ¶ 2*.   Logan Jay was responsible for booking Hall into jail.   Jay completed an intake form and housing flowchart. *DSMF ¶ 3*.   Officer Jay conducted a clothing and pat-down search of Hall.   *DSMF ¶ 4*.   Hall was not strip searched.   *DSMF ¶¶ 6, 7*.   Officer Jay was the only officer present during the clothing and pat-down search.   *DSMF ¶ 5*.   Officer Grant did not conduct any searches of Hall

---

[2]Plaintiff failed to respond to interrogatories and a document request.   Plaintiff also failed to appear for his deposition.

2

when he entered the jail on February 1, 2018 or at any time while Hall was incarcerated at the jail in 2018. *DSMF ¶¶ 8-10.* For this reason, Grant is entitled to summary judgment on this claim.

C.   <u>Defendant Aroostook County Jail is entitled to summary judgment on Plaintiff's municipal liability claim because there were no underlying constitutional violations.</u>

If an "officer has inflicted no constitutional harm, . . . the municipality . . . can [not] be held liable." *Wilson v. Town of Menden*, 294 F.3d 1, 6 (1st Cir. 2002). In this case, there has been no violation of Plaintiff's constitutional rights. For this reason, summary judgment should be granted in favor of the Aroostook County Jail.

D.   <u>Defendant Aroostook County Jail is entitled to summary judgment on the municipal liability claim because there is insufficient evidence of a policy, custom, or practice which would be the basis for liability under 42 U.S.C. § 1983.</u>

Even if the Plaintiff can establish a constitutional violation, there is insufficient evidence of a policy, custom or practice to support municipal liability. It is well settled that a plaintiff who seeks to impose liability on a municipality under Section 1983 must prove that either official policies, or widespread and pervasive practices and customs, were responsible for the deprivation. *Connick v. Thompson*, 563 U.S. 51 (2011). In order to be liable for an unconstitutional custom or practice that custom or practice must be "so well settled and widespread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice." *Bordanaro v. McLeod*, 871 F.2d 1151, 1556 (1st Cir. 1989). "[E]vidence of a single event alone cannot establish a municipal custom or policy." *Id*.

In this case, there is no evidence of unconstitutional practices or customs that were so well settled or widespread that the policymaking officials can be said to have either actual or constructive knowledge of them and yet done nothing to end the practices. There are several policies at the Aroostook County Jail regarding the searching inmates and there is no evidence that

these policies are unconstitutional or that the county had other unconstitutional policies, customs or practices concerning searching inmates. *DSMF, ¶¶ 12-14.* In addition, Hall's allegations concern a one-time incident. He does not allege that other inmates were treated in a similar manner or that there was a widespread practice. For this reason, summary judgment should be granted in favor of Defendant Aroostook County Jail.

## IV.   CONCLUSION

For all of the foregoing reasons, Defendants Aroostook County Jail and William Grant ask the Court to enter summary judgment in their favor pursuant to Fed.R.Civ.P. 56 on Plaintiff's Complaint.

Dated:   August 14, 2020                             /s/   Peter T. Marchesi
                                                     Peter T. Marchesi, Esq.
                                                     Wheeler & Arey, P.A.
                                                     Attorneys for Defendants
                                                     27 Temple Street
                                                     Waterville, ME   04901

**UNITED STATES DISTRICT COURT**
**District of Maine**

|  |  |  |
|---|---|---|
| RILEY JEAN HALL, | ) | Docket No. 1:19-CV-00503-NT |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AROOSTOOK COUNTY JAIL and | ) | |
| WILLIAM GRANT, | ) | |
| Defendants | ) | |
| | ) | |

CERTIFICATE OF SERVICE

I, Peter T. Marchesi, Esq., attorney for Defendants, hereby certify that:

● Defendants' Motion for Summary Judgment

has/have been served this day on Plaintiff by filing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

     None

    Copies of the above documents have been provided to the Plaintiff via United States Mail, postage prepaid, at the following address:

     Riley Jean Hall
     87 Exchange Street
     Presque Isle, ME   04769

Dated:  August 14, 2020           /s/  Peter T. Marchesi
                          Peter T. Marchesi, Esq.
                          Wheeler & Arey, P.A.
                          Attorneys for Defendants
                          27 Temple Street
                          Waterville, ME   04901